UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,           Case No.
                                     Honorable:

vs.

$50,085.94 in funds from
JP Morgan Chase Bank
Account #xxxxx6982

        Defendant *in rem*.

---

## Complaint for Forfeiture

Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Catherine Morris, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

### Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action under 18 U.S.C. § 981(a)(1)(C), in violation of 18 U.S.C. § 1343 and/or 18 U.S.C. § 1344.

2. This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## Defendant in rem

6. The Defendant *in rem* consists of $50,085.94 in funds from JP Morgan Chase Bank Account #xxxxx6982 (JPMC Account).

7. Members of the Federal Bureau of Investigation ("FBI") seized the Defendant *in rem* in Clinton Township, Michigan on February 1, 2022.

8. The Defendant *in rem* is currently in the custody of the United States Marshals Service.

## Underlying Criminal Statute

9. 18 U.S.C. §1343 criminalizes schemes or artifices to defraud, or obtaining money or property by means of false or fraudulent pretenses,

representations, or promises, when for the purpose of executing the scheme, the person transmits, or causes to be transmitted, any writings, signs, signals, pictures, or sounds by means of wire communication in interstate commerce.

10. 18 U.S.C. § 1344 criminalizes schemes or articles to defraud a financial institution or obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations or promises.

## Statutory Basis for Civil Forfeiture

11. Title 18 U.S.C. § 981(a)(1)(C) authorizes the civil forfeiture of the following:

> any property real or personal which constitutes or is derived from proceeds that are traceable to any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such an offense, shall be subject to forfeiture to the United States. Wire Fraud and Bank Fraud are specified unlawful activities.

## Factual Basis in Support of Forfeiture

12. The Defendant *in rem* was involved in a knowing violation or violations of 18 U.S.C. § 1343 and/or 18 U.S.C. § 1344 and is therefore subject to federal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). Evidence supporting forfeiture includes, but is not limited to, the following:

a.     The Coronavirus Aid, Relief, and Economic Security (CARES) Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program (PPP). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

b.     In order to obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its average monthly payroll expenses and number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

4

c.  A PPP loan application must be processed by a participating lender. If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by the Small Business Administration (SBA). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

d.  PPP loan proceeds must be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense items within a designated period of time after receiving the proceeds and uses a certain amount of the PPP loan proceeds on payroll expenses.

e.  Loan proceeds from the following PPP loans were deposited into the JPMC Account:

- SBA Loan No. 8901148709
  i. Applicant Name: Gracious Strands LLC
  ii. Issuing Bank: Amur Equipment Finance
  iii. Issue Date: 4/8/2021
  iv. Loan Amount: $66,432.00

5

- SBA Loan No. 6948908405

    i. Applicant Name: Gracious Strands LLC

    ii. Issuing Bank: Funding Circle

    iii. Issue Date: 2/11/2021

    iv. Loan Amount: $20,833.00

f. The signature card for the JMPC Account shows it is a Chase Total Business Checking account that was opened on April 25, 2017. The account is titled Gracious Strands LLC and Shuqueni Franklin is the only person on the account.

g. The Michigan Department of Licensing and Regulatory Affairs (LARA) systems shows Gracious Strands LLC, was organized on April 25, 2017. Gracious Strands LLC has not filed taxes or registered to file taxes with the State of Michigan since 2018.

h. The LARA system shows Gracious Strands Unlimited LLC was organized on September 25, 2019.

i. Records show the businesses Gracious Strands LLC and Gracious Strands Unlimited LLC, and their shared registered agent Shuqueni Franklin received a total of nine PPP loans totaling approximately $277,262 between February 11, 2021 and May 24, 2021.

j.     The loan applications submitted by Gracious Strands LLC, Gracious Strands Unlimited LLC, and Franklin for the nine PPP loans obtained contained fraudulent information, including monthly payroll costs that appear to be without basis, tax forms that are fictitious, and bank statements that have been modified or altered.

k.     As part of a PPP loan application, copies of IRS Form 941 were submitted that alleged to be for Gracious Strands LLC. If these forms had been legitimately filed, then the State of Michigan would have the relevant tax records for this business.

l.     The activity in the JMPC Account was analyzed and it is not consistent with a business that allegedly employs seven people. A company of this size would likely utilize a payroll company or write paychecks to employees if it were operating in a legitimate manner. The PPP applications indicated that Gracious Strands pays $18,000 in monthly payroll. No payroll expenses are evident in the financial records for the JPMC Account.

## **Claim for Relief**

13.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs A through L.

7

14. The Defendant *in rem* is forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(C) because it was involved in a knowing violation or violations of 18 U.S.C. § 1343 and/or 18 U.S.C. § 1344.

## Conclusion and Relief

Plaintiff respectfully requests that this Court issue warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,

Dawn N. Ison
United States Attorney

S/Catherine E. Morris
Catherine E. Morris (P84371)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226- 9562
Catherine.Morris@usdoj.gov

Dated: January 17, 2025

**VERIFICATION**

I, Brent Nida, state that I am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

                                                                  _____
                                                                  Brent Nida, Special Agent

Dated: January 7, 2025